IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No. 07-cr-00517-LTB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JASON ALEXANDER BROADWAY,

        Defendant.

___

MEMORANDUM OPINION AND ORDER
___

Babcock, J.

       This matter is before me on a Motion for Reduced Sentence Pursuant to The First Step Act or 18 U.S.C. §3582(c)(2) [**Doc #118**], in which Defendant Jason Alexander Broadway – who is currently serving a term of imprisonment in federal custody – requests that I reduce his sentence from 262 to 188 months. The United States of America has filed its Response [Doc #122], in which the Government opposes the motion, and Mr. Broadway has filed a Reply. [Doc #124]

       After reviewing the rapidly evolving legal landscape, I conclude that Mr. Broadway is eligible to request a sentence reduction via the First Step Act of 2018 (Pub. L. No. 115-391, 132 Stat. 519). However, I further conclude that the constitutional rule set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) is not applicable to the drug quantity determination in his case, and thus Mr. Broadway's sentencing range is not altered by application

of the Fair Sentencing Act of 2010 (Pub. L. No. 111-220, 124 Stat. 2372). Based on this ruling, I likewise deny Mr. Broadway's alternative request relief in the form of re-sentencing under 18 U.S.C.§3553(c)(2) when a sentencing range has been subsequently lowered by the Sentencing Commission. Finally, in the exercise of my discretion, and in consideration of the unchanged sentencing guideline range and the sentencing factors of 18 U.S.C.§3553(a), I conclude that Mr. Broadway is not entitled to a sentence reduction. Therefore, upon consideration of the record, the parties' briefs and arguments, and the relevant law, I DENY the Mr. Broadway's request for relief.

## I. LAW

On August 3, 2010, the Fair Sentencing Act of 2010 went into effect. That act amended the Controlled Substances Act, 21 U.S.C. §801, *et seq.*, in order to remedy a disparity that existed between sentences imposed for the distribution of cocaine in powder form, and the distribution of substances containing cocaine base (also known as "crack" cocaine). Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine required to trigger the enhanced penalties set forth in 21 U.S.C. §841(b). Specifically, Section 2 amended 21 U.S.C. §841(b)(1) in that it "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v. United States*, 567 U.S. 260, 269, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012). Congress did not apply these changes retroactively to defendants sentenced before its passage.

Thereafter, on December 21, 2018, the First Step Act of 2018 was signed into law. Section 404 of the First Step Act gives retroactive effect to the changes made by Section 2 of the Fair Sentencing Act. As a result, defendants who were already serving a sentence for a controlled substance offense involving crack cocaine as of 2010 could move to have their sentence reduced as if the Fair Sentencing Act had been in effect at the time they were originally sentenced.

A district court has limited authority to modify a sentence of imprisonment. A court's authority to reduce a defendant's sentence under §404 of the First Step Act is set forth in 18 U.S.C. §3582(c)(1)(B), which provides, in pertinent part: "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ". *See United States v. Wirsing,* 943 F.3d 175, 183 (4th Cir. 2019), as amended (Nov. 21, 2019)(holding that 18 U.S.C. §3582(c)(1)(B) is the appropriate vehicle for a First Step Act motion); *see also United States v. Coleman*, 382 F. Supp. 3d 851, 857-58 (E.D. Wis. April 26, 2019)(collecting cases finding that First Step Act reductions stem from 18 U.S.C. §3582(c)(1)(B)); *United States v. Scott*, 2019 WL 5741331 (D. Colo. Nov. 5, 2019). Finally, I note that because a defendant need not be present for a proceeding that involves the correction or reduction of a sentence under 18 U.S.C. §3582(c), pursuant to Fed. R. Crim. P. 43(b)(4), a hearing is not necessary to resolve a motion seeking relief under the First Step Act. *See United States v. Scott,* 2019 WL 5741331 (D. Colo. Nov. 5, 2019).

## II. BACKGROUND

As relevant here, Mr. Broadway pled guilty to possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(A), on January 7, 2009.[1] Mr. Broadway was subsequently sentenced, on March 25, 2009, to a 262-month term of imprisonment based on a sentencing range of 262 to 327 months. The Pre-Sentence Investigation Report, as stipulated by the parties in the plea agreement, deemed Mr. Broadway accountable for 487.82 grams of crack cocaine, which set his base offense level at the time of sentencing at 31 (the drug quantity offense level of 32, plus a 2-level increase for the possession of a firearm and a 3-level decrease for acceptance of responsibility). However, two prior convictions (for possession of crack cocaine for sale and sell/transport of a controlled substance) designated him a career offender with a criminal history category of VI. His career offender status resulted in a total offense level of 34 (an offense level of 37 with a 3-level decrease for acceptance of responsibility). As a result, the higher total offense level assessed by his career offender status supplied the applicable guideline range of 262 to 327 months. After denying Mr. Broadway's request for a variant sentence, I imposed a sentence of imprisonment at the bottom of the range of 262 months (21 years and 10 months), and a five year term of supervised release,

---

[1] Mr. Broadway also pled guilty to a second count for possession of a firearm by a felon in violation of 18 U.S.C. §924(c). I sentenced him on this conviction to a concurrent 120-month sentence of imprisonment, and a concurrent three-year term of supervised release. Because Mr. Broadway has served over 12 years on his term of imprisonment, the sentence of imprisonment imposed on Count Two is fully discharged. As such, Mr. Broadway's possession of a firearm conviction is not at issue here.

for Mr. Broadway's conviction of possession with intent to distribute 50 grams or more of crack cocaine. [Docs #97 & #106] Mr. Broadway has served approximately 12 years (144 months) of his prison sentence. The Government asserts that Mr. Broadway's current projected release date, as set by the Bureau of Prisons, is December 7, 2026. [Doc #122-1]

### III. MOTION FOR REDUCTION

In this motion, Mr. Broadway now contends that the First Step Act applies to his crack cocaine conviction making him eligible for a sentence reduction. Specifically, he asserts that because he was convicted of possession with intent to distribute 50 grams or more of crack cocaine under 21 U.S.C. §841(b)(1)(a), the First Step Act applies to reduce his sentence under the lower possession amount set forth in 21 U.S.C. §841(b)(1)(B)(which now criminalizes possession with intent to distribute 28 to 280 grams of crack cocaine) of five to forty years of imprisonment. With a new maximum of 40 years of imprisonment (as opposed to a maximum of term of life at sentencing in 2009), Mr. Broadway contends that his total offense level is now 31 (an offence level of 34 with a 3-level decrease for acceptance of responsibility) as opposed to a total offense level of 34 when he was sentenced. And, in turn, a resulting guideline range of 188 to 235 month, as opposed to the 262 to 327 month range when he was sentenced in 2009. Mr. Broadway seeks a reduction to the lowest sentence of that range. He acknowledges that granting the requested reduction is discretionary, but argues that the sentencing factors articulated in 18 U.S.C. §3353(a) favor reducing his prison sentence to 188 months. The

5

Government, in its response, opposes this request and argues that Mr. Broadway's sentence is not eligible for reduction under the First Step Act.

## IV. APPLICATION OF THE FIRST STEP ACT

As set forth above, the First Step Act of 2018 gives retroactive effect to the Fair Sentencing Act of 2010, which lowered the mandatory minimum for sentences related to defendants convicted of crack cocaine crimes. Pursuant to §404(b) of the First Step Act "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Section 404(a) defines a "covered offense" as "a violation of a Federal Criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010."

### A. Eligibility

I first address whether Mr. Broadway is eligible for relief based on whether his conviction for possession with intent to distribute 50 grams or more of crack cocaine in 2009 constitutes a "covered offense." The exact language of §404(a) provides as follows:

> DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

Mr. Broadway asserts that the plain text of §404(a) is that "covered offense" means that eligibility for sentence revision turns on whether the Fair Sentencing

Act modified the penalty provisions for the statute violated by the defendant. Because Section 2 of Fair Sentencing Act modified the penalty provisions for 21 U.S.C. §841(a)(1) – the statute violated by Mr. Broadway at issue here – Mr. Broadway contends that he is entitled to seek relief. Mr. Broadway also argues that a contrary interpretation has been rejected by a majority of the courts that have considered the issue.

The Government, in response, disagrees with Mr. Broadway's interpretation of a "covered offense" as defined in §404(a) of the First Step Act. It contends that a covered offense is not related to the statute of conviction, but instead refers to the specific "violation" that the defendant "committed." As such, §404(a) dictates that the eligibility inquiry is grounded in the actual conduct involved in the defendant's violation, rather than the statute under which the defendant was convicted. The Government further argues that a contrary interpretation would lead to unfair and illogical disparities between the sentences given to defendants charged with the same crime before and after the passage of the Fair Sentencing Act. This is exemplified here where if Mr. Broadway (who agreed that he was accountable for 487.82 grams of crack cocaine) would have a lower sentencing exposure after application of the Fair Sentencing Act than that faced by defendants charged with the same crime after August of 2010.

Therefore, the initial question as to the statutory interpretation of a "covered offense" is whether eligibility for sentence reduction turns on the status of the underlying statutory offense (as argued by Mr. Broadway) or the actual conduct

underlying the violation (as argued by the Government).

In support of its position that the "covered offense" as defined in §404(a) of the First Step Act should be construed as an examination of the actual conduct involved in a defendant's violation, the Government refers me to case law that has interpreted other statutes. In *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 489, 105 S.Ct. 3275, 87 L.Ed.2d. 346 (1985), the Supreme Court determined that the term "violation" in 18 U.S.C. §1964(c) referred only to a failure to adhere to legal requirements, not a criminal conviction. In *United States v. Hayes*, 555 U.S. 415, 426, 129 S.Ct. 1079, 172 L.Ed.2d 816 (2009), the Court held that a prior conviction definition of a "misdemeanor crime of domestic violence" was related, in part, to the defendant's actual conduct not the conviction. Based on those cases, the Government argues that §404(a) directs courts to assess eligibility on the specific "violation" "committed" by the defendant, not the statutory offense he or she was convicted of. The Government notes that if Congress had intended eligibility to turn on the statutory conviction, then the First Step Act would have simply indicated that coverage was for "any defendant convicted under a statute for which the penalties were altered by the Fair Sentencing Act." While conceding that district courts have not "uniformly adopted" its approach, the Government refers me to district court cases that it argues have "persuasively approved" its position. [Doc #122 pg. 26] *See e.g. United States v. Crooks,* 2020 WL 255995 (D. Colo. Jan. 17, 2020)*,* appeal filed (Jan. 17, 2020)(ruling that the "offense controls" theory advanced by the Government, not an "indictment controls" theory, is the proper

8

construction based on the plain language of §404(a) and the Congressional intent underlying the Fair Step Act); *see also United States v. Banuelos*, 2019 WL 2191788 (D.N.M. May 21, 2019), appeal filed (May 21, 2019); *United States v. Allen,* 2019 WL 1877072 (D. Conn. Apr. 26, 2019); *United States v. Blocker,* 378 F. Supp.3d 1125, 1127 (N.D. Fla. April 25, 2019); *United States v. Potts*, 2019 WL 1059837 (S.D. Fla. Mar. 6, 2019); *United States v. Haynes*, 2019 WL 1430125 (D. Neb. Mar. 29, 2019); *U.S. v. Willis*, 2019 WL 4849435 (E.D. Pa. Sept. 30, 2019), appeal filed (Oct. 4, 2019).

However, most courts that have addressed the threshold question of eligibility under the First Step Act have interpreted a "covered offense" as the statutory offense, not the conduct of the individual offender. The first circuit court to address the issue agrees with Mr. Broadway's interpretation of §404(a). *United States v. Wirsing*, 943 F.3d 175, 185-86 (4th Cir. 2019)(ruling that there "is no indication that Congress intended a complicated and eligibility-limiting determination [about actual conduct] at the 'covered offense' stage of the analysis"). This ruling is consistent with most district courts that have addressed the issue. *See United States v. Harris,* 2020 WL 132436 (D. Conn. Jan. 13, 2020); *United States v. Boulding*, 379 F. Supp. 3d 646 (W.D. Mich. May 16, 2019), appeal filed May 28 & June 25, 2019; *United States v. Askins*, 2019 WL 3800227 (D. Ariz. Aug. 6, 2019), appeal dismissed, 2019 WL 6770014 (9th Cir. Dec. 10, 2019)(ruling that the First Step Act "necessarily tethers covered offenses to statutes, not to the underlying conduct for which an individual defendant was sentenced"); *United*

9

*States v. Rose*, 379 F. Supp. 3d 223, 228 (S.D.N.Y. May 24, 2019)(collecting cases);*United States v. Cole*, 2019 WL 3406872 (N.D. Ind. July 29, 2019); *United States v. White*, 2019 WL 3228335 (S.D. Tex. July 17, 2019); *but see United States v. Crooks*, 2020 WL 255995 (D. Colo. Jan. 17, 2020), appeal filed (Jan. 17, 2020)(acknowledging that its ruling interpreting eligibility under §404(a) – as focused on the conduct the defendant was found to have committed, not the statute under which he was indicted – swims against the "tide of authority"). I am persuaded by the weight of the case authority to date which has concluded that eligibility for sentence reduction pursuant to §404(a) of the First Step Act is contingent on whether the defendant's conviction at issue was a statutory offense – such as a conviction under 21 U.S.C. §841(a)(1) as is the case here – whose penalty provisions were subsequently modified by the Fair Sentencing Act, not the "actual conduct" of the specific defendant.

## C. The Rule in *Apprendi v. New Jersey*

Because it is relevant to my re-sentence determination, I address Mr. Broadway's argument that interpreting a "covered offense" in §404(a) to mean the actual conduct of the individual defendant would violate constitutional precedent established in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

In *Apprendi v. New Jersey*, the Supreme Court ruled that "[o]ther than the

fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Supreme Court applied this rule in *Alleyne v. United States* to facts that increase a defendant's mandatory minimum sentence. 570 U.S. at 117. *See also Burrage v. United States*, 571 U.S. 204, 210, 134 S. Ct. 881, 187 L. Ed. 2d 715 (2014)(ruling that a minimum sentence enhancement used when death or bodily injury results from the use of a controlled substance, under 18 U.S.C. §841(b)(1)(E), is an element that must be submitted to a jury and found beyond a reasonable doubt).

Mr. Broadway argues that the 487.82 grams of crack he was deemed accountable for by the Pre-Sentence Investigation Report was not determined beyond a reasonable doubt by a jury and, as such, he argues the quantity cannot be used to "increase" his statutory penalty under the Government's erroneous definition of a "covered offense." Thus, the Government's "actual conduct" interpretation of §404(a) would violate the mandates of *Apprendi v. New Jersey* and *Alleyne v. United States. See United States v. Askins*, 2019 WL 3800227 (D. Ariz. Aug. 6, 2019)(noting that a conduct-focused interpretation of a "covered offense" under §404(a) "risks a head-on collision" with *Apprendi* and *Alleyne*).

The Government argues, in response, that a sentence reduction under §404(a) is a congressional act of lenity that is not constitutionally compelled. *See Dillon v. United States*, 560 U.S. 817, 828, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010)

11

(ruling that a sentence reduction under 18 U.S.C. §3582(c)(2) – which allows for reduction when a sentencing range is subsequently lowered by the Sentencing Commission – does not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt because §3582(c)(2) does not authorize a sentencing or re-sentencing proceeding); *see also United States v. Washington*, 2019 WL 2410078 (S.D. Fla. June 7, 2019)(denying motion to reduce term of supervised release, holding that the First Step Act does not permit reconsideration of "extraneous" issues such as application of *Apprendi v. New Jersey*); *United States v. Glover,* 2019 WL 1924706 (S.D. Fla. May 1, 2019)(holding that *Apprendi v. New Jersey* does not apply to a re-sentencing under §404); *United States v. Potts*, 2019 WL 1059837 (S.D. Fla. Mar. 6, 2019)(noting that the ruling in *Alleyne v. United States* does not apply to the quantity determination). The Tenth Circuit has held that a district court may rely on its previous findings, when deciding a sentence reduction under 18 U.S.C. §3582(c)(2), if a supplemental drug quantity calculation is necessary to determine the amended guideline range that would have been applicable in light of a retroactive sentencing guideline amendment. *United States v. Battle*, 706 F.3d 1313, 1319 (10th Cir. 2013).

It appears that the holdings of *Apprendi v. New Jersey* and *Alleyne v. United States* do not apply to the drug quantity determination for the purposes of a sentence reduction determination under §404(a) of the First Step Act. However, I do not reach the question because in this case Mr. Broadway filed no objections to

12

the Pre-Sentence Investigation Report, which indicated he was responsible for 487.82 grams of crack cocaine, and he stipulated to the report in his plea agreement. As a result, even assuming that the rulings of *Apprendi v. New Jersey* and *Alleyne v. United States* apply to drug quantity assessments for the purposes of assessing sentence reductions under First Step Act, they would not apply in Mr. Broadway drug quantity determination.

## C. Conclusion

Although I am lacking specific guidance from Tenth Circuit, I conclude that Mr. Broadway is eligible for sentence reduction review under §404(a) the First Step Act because he was convicted of a statutory offense – specifically, 21 U.S.C. §841(a)(1) – whose penalty provisions were subsequently modified by the Fair Sentencing Act. *See United States v. Hopson*, 2019 WL 4508943 (W.D. Pa. Sept. 19, 2019)(declining to resolve the dispute based on the split in authority and, as such, assuming *arguendo* that the defendant was eligible for relief). However, I further conclude that the constitutional rule that any fact that increases the penalty beyond the prescribed statutory maximum, or increases the mandatory minimum sentence, must be submitted to a jury, and proved beyond a reasonable doubt (set forth in *Apprendi v. New Jersey* and *Alleyne v. United States*) is not applicable to the drug quantity determination in this case.

## D. Application

Based on these rulings, Mr. Broadway's sentencing range is not changed by

the Fair Step Act in that he was found to be responsible for more than 280 grams of crack cocaine. The Pre-Sentence Investigation Report in this case indicated that Mr. Broadway was responsible for 487.82 grams of crack cocaine. [Doc #121 pg. 4] Mr. Broadway stipulated to this report in his plea agreement [Doc #89] and he filed no objections. [Doc #106 pg. 2. 10] Based on the lack of objection, I adopted the factual statements in the Pre-Sentence Investigation Report during Mr. Broadway's sentencing hearing. [Doc #106 pp. 10-110] As a result, his sentence is still governed by the statute of conviction; specifically, by 21 U.S.C. §841(b)(A)(ii).

The sentencing guideline range at the time of initial sentencing was dictated by Mr. Broadway's designation as a career offender. *See* U.S.S.G. §4B1.1(b). The table setting the career offender ranges considers the statutory maximum punishment for the underlying crime. Although the Fair Sentencing Act adjusted the drug thresholds for possession with intent to distribute crack cocaine in 21 U.S.C. §841(b)(1), it did not alter their statutory maximums. The maximum penalty for a violation of §841(b)(1)(A) remains life imprisonment, and Mr. Broadway's base office level under the current sentencing guidelines is 37. U.S.S.G. §4B1.1(b)(1). Again applying a 3-level decrease for acceptance of responsibility, his total offense level is again 34, with a guideline range of 262 to 327 months of imprisonment – the same as at the time of his initial sentencing.

Therefore, I agree with the Government that Mr. Broadway does not benefit from retroactive application of the Fair Sentencing Act in that the penalties

14

applicable to his crime, both before and after passage of the Fair Sentencing Act, are identical. *See United States v. Patterson,* 2019 WL 3072705 (W.D.N.C. July 12, 2019)(declining to reduce the defendant's sentence, based on an exercise of discretion, when defendant was still subjected to the higher penalties of 21 U.S.C. §841(b)(1)(A)), appeal filed July 30, 2019; *United States v. Crooks*, 2020 WL 255995 (D. Colo. Jan. 17, 2020), appeal filed Jan. 27, 2020.

## VII. EXERCISE OF DISCRETION

Moreover, I further conclude that Mr. Broadway is not entitled to a sentence reduction in this case in the exercise of my discretion.

The First Step Act does not impose any artificial or guideline limits on a reviewing court. *United States v. Askins*, 2019 WL 3800227 (D. Ariz. Aug. 6, 2019)(*quoting United States v. Boulding*, 379 F. Supp. 3d 646, 653 (W.D. Mich. May 16, 2019)). Section 404(c) states that "nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." The only "explicit basis stated for a change in the sentencing" in this First Step Act is that the "calculations ... made under the Sentencing Guidelines are adjusted 'as if' the lower drug offense sentences were in effect at the time of the commission of the offense." *United States v. Crooks*, 2020 WL 255995 (D. Colo. Jan. 17, 2020), appeal filed Jan. 27, 2020 (quoting *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019)). Again applying a 3-level decrease for acceptance of responsibility, his total offense level is again 34, with a guideline range of 262 to 327 months of imprisonment –

the same as at the time of his initial sentencing. Because the sentencing guidelines range is the same, my exercise of discretion is not effected or otherwise informed by a changed range. *See United States v. Crooks*, 2020 WL 255995 (D. Colo. Jan. 17, 2020)(noting that because the range is exactly the same "the [c]ourt would, in its discretion, find that no adjustment in his sentence is warranted").

To the extent that Mr. Broadway seeks separate re-sentencing relief pursuant to 18 U.S.C. §3582(c)(2) – which allows re-sentencing when a sentencing range has been lowered by the Sentencing Commission – I likewise deny such request on the basis that sentencing range is the same. *United States v. Crooks,* 2020 WL 255995 (D. Colo. Jan. 17, 2020)(ruling that the defendant has not shown that he is entitled to relief under §3582(c)(2) because his current guideline range is identical to the range considered at his initial sentencing).

I note that some courts have ruled that my exercises of discretion is likewise informed by the sentencing factors set forth in 18 U.S.C. §3553(a). *See United States v. Scott*, 2019 WL 5741331 (D. Colo. Nov. 5, 2019); *United States v. Harris*, 2020 WL 132436 (D. Conn. Jan. 13, 2020)(declining to decide the issue of whether the First Step Act authorizes a "plenary re-sentencing" and noting that its exercise of discretion should be informed by the §3553(a) factors). These include, but are not limited to (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to (a) reflect the seriousness of the offense, promote respect for the law, and provide just

punishment for the offense (b) afford adequate deterrence to criminal conduct; and (c) protect the public from further crimes of the defendant; (3) the sentencing ranges under the guidelines; (4) the pertinent policy statements of the Sentencing Commission; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(1), (2), (4), (5), and (6).

At Mr. Broadway's sentencing hearing in 2009, I noted that he was involved in the drug business for a "long, long time," that his extensive criminal history goes back to age 13, and that this was his fifth felony conviction and three of those prior convictions were for drug offenses. I concurred with Mr. Broadway's assertion that he made "the wrong career choice." In so doing, I rejected his lawyer's argument that Mr. Broadway's drug business was used to support his children, as "[there are millions of people who support their families, their children, their spouses, sometimes their elderly parents, with a lawful career . . . [b]ut that's not you." I acknowledged the one to one hundred ratio between possessing powder cocaine and crack, but indicated that an exercise of discretion to a lower sentence might be applicable to someone who had a family and a lawful employment history, but was simply caught transporting a large quantity of crack cocaine, I ruled that those were not Mr. Broadway's circumstances given his criminal history. I further noted that crack cocaine is highly addictive and that it destroys the lives of the people who use is as well as there families. I also indicated my concern that Mr. Broadway

17

possessed a firearm, as many drug dealers do, which has the propensity for great violence. And while he may not have been a violent person around his family, I ruled he was out of control on the day he was arrested, as set forth in the Pre-Sentence Investigation Report. Finally, I found that 487.82 grams was a significant amount of crack cocaine, such that is carried a term of imprisonment of not less than ten years or more than life. [Doc #106 pp. 9-11] I conclude that Mr. Broadway's original sentence of 262 months of imprisonment satisfies the requirements and needs of 18 U.S.C. §3553(a)(1)-(7) and is sufficient, but not greater than necessary, to achieve the Congressional goals and purposes of sentencing as required to comply with the purposes of 18 U.S.C. §3553(a)(2).

Finally, to the extent that Mr. Broadway now argues that his sentence should be reduced because his record during incarceration contains only three disciplinary infractions, and his criminal history primarily consisted of controlled substance offences and no crimes of violence, I disagree. My findings at Mr. Broadway's sentencing hearing adequately addressed the seriousness and circumstances of the offense, and the history and characteristics of Mr. Broadway, as well as the need to deter his and other criminal conduct. In addition, Mr. Broadway was sentenced at the lowest end of the Sentencing Guideline range. Finally, I note that reducing Mr. Broadway's sentence when he was found responsible for more than 280 grams of crack cocaine runs afoul of the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

conduct. 18 U.S.C. §3553(a)(6); *see also United States v. Boulding*, 379 F. Supp. 3d 646, 652 (W.D. Mich. May 16, 2019)(noting that a proper quantity determination is "part of a reviewing courts discretionary call on whether to modify an eligible defendant's sentence").

Based on the unchanged sentencing guideline range, application of the sentencing factors set forth in 18 U.S.C. §3553(a)(1)-(7), and Mr. Broadway's claims related to his record while incarcerated, I decline to exercise my discretion to reduce Mr. Broadways' term of imprisonment.

ACCORDINGLY, I DENY the relief sought by Mr. Broadway in his Motion for Reduced Sentence Pursuant to The First Step Act or 18 U.S.C. §3582(c)(2). [Doc #118]

Dated: January 30, 2020, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK